UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELIUS CAROLINA,

                Petitioner,

v.

                Case No. 23-CV-836-JPS

STEVEN JOHNSON,

                **ORDER**

                Respondent.

In September 2023, the Court screened Petitioner Cornelius Carolina's ("Petitioner") amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 6. The Court concluded that Petitioner's amended petition appropriately set forth the following exhausted grounds for relief as ordered: (1) ineffective assistance of counsel for failure to object to admission of prior bad acts evidence; (2) inappropriate provision of perjury warnings to witnesses adverse to the State on the part of the court, bearing on the credibility of said witnesses; and (3) judicial bias. *See* ECF Nos. 4 at 9 (order screening original petition concluding that Petitioner could proceed only on the above-listed three grounds); ECF No. 5 at 6–8 (amended petition); ECF No. 6 at 1–2 (order screening amended petition).

The Court set a briefing schedule, ECF No. 6 at 2–3, pursuant to which Respondent Steven Johnson ("Respondent")[1] answered the amended petition, ECF No. 10. The filing of that answer rendered Petitioner's brief in

---

[1] Respondent notes that Petitioner is currently "in the custody of Jason Wells, Warden of Racine Correctional Institution," and accordingly requests that Respondent's name be substituted on the docket. ECF No. 10 at 1 n.1. The Court will instruct the Clerk of the Court to replace Steven Johnson with Jason Wells as respondent on the docket.

support due sixty (60) days thereafter. ECF No. 6 at 2 ("Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued."). That period has now elapsed, and Petitioner's brief in support of his amended petition is overdue.

Now before the Court is Petitioner's motion to clarify, received November 29, 2023. ECF No. 11. In that filing, Petitioner poses five questions to the Court. The court addresses each in turn.

**(1) "Do I need to hire my own attorney or will one be provided for me?"**

As a civil litigant, Petitioner has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (*en banc*)). In other words, the Court will not automatically provide an attorney for Petitioner.

However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." Petitioner is free to move the Court for appointment of counsel, but he should bear in mind that, notwithstanding the generosity of local attorneys offering pro bono services, there are never enough volunteer attorneys to match the tremendous volume of requests for appointed counsel. Should Petitioner choose to move for appointment of counsel, the Court will consider (1) whether the litigant has made reasonable attempts to secure counsel, and (2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655). Ultimately,

the decision whether to appoint counsel is left to the Court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

**(2) "What documentation (if any) needs to be provided to the Court?"**

The Court cannot advise Petitioner regarding how best to prosecute his case, but it can convey to him the following: first, as noted previously, Petitioner's brief in support of his petition is overdue, so that is the primary document with which Petitioner should concern himself. "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). The Court instructed that Petitioner would "have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his amended petition." ECF No. 6 at 2. Petitioner failed to comply with that deadline, and he did not move for an extension of that deadline.

Petitioner must promptly, and not later than **Monday, January 1, 2024**, file his brief in support of his amended petition. Should he fail to do so, the Court will be constrained to proceed to receiving Respondent's brief in opposition, and Petitioner will have forfeited his opportunity to file a brief in support of his amended petition.

Should Petitioner have any other documentation he believes relevant to consideration of his grounds for relief, he should include such documentation in, or attached as exhibits to, his brief in support.

**(3) "Will proceedings take place in court, or will the case be handled with paperwork via mail?"**

Unless stated otherwise, this case will be handled via papers.

**(4) "What is the expected time frame for this case?"**

The Court is unable to predict when this case might conclude. The Court recommends that Petitioner review the briefing schedule set forth in its order screening Petitioner's amended petition, ECF No. 6 at 2–3, to get a sense of roughly how long it may take for the parties to present the merits of the case to the Court. As has already become apparent, however, failure to comply with deadlines impedes the swift disposition of the case.

**(5) "Is there anything I can do to alert the violations that my last attorney did not address?"**

The Court does not fully understand this question. To the extent that Petitioner refers to matters relating to his ground of ineffective assistance of counsel, he should detail such matters in his brief in support of his amended petition. Otherwise, such "violations" are not before this Court.

Accordingly,

**IT IS ORDERED** that Petitioner Cornelius Carolina's motion to clarify, ECF No. 11, be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that Petitioner Cornelius Carolina shall **FILE** a brief in support of his amended petition on or before **Monday, January 1, 2024**;

**IT IS FURTHER ORDERED** that the Clerk of the Court replace Steven Johnson with Jason Wells as respondent on the docket.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:23-cv-00836-JPS   Filed 12/04/23   Page 4 of 4   Document 12